UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAUREN IBBOTSON,  C.A. No: 04CV12371MLW
        Plaintiff

vs.

CINDY J. HUSTEAD FELDMAN,
PETER FESCOE, and
ARBELLA MUTUAL INSURANCE
        Defendants

---

DEFENDANT ARBELLA MUTUAL INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

---

NOW COMES the defendant, Arbella Mutual Insurance Company, and respectfully opposes the plaintiff's motion for protective order. As grounds for its opposition, the defendant states that the 93A claim should be severed from the underlying case, irrespective of whether the protective order issues. Secondly, the defendant states that the deposition of the plaintiff's attorney is necessary for the defense of the plaintiff's 93A claim, and the plaintiff's attorney should reasonably have anticipated that his deposition would be taken prior to trial. Finally, the defendant states that there is no issue of attorney client privilege which should prevent the defendant from taking the plaintiff's counsel's deposition.

In her motion for protective order, the plaintiff requests that, if the motion is denied and no protective order issued, the 93A claim should be severed from the underlying claim and the plaintiff's counsel's deposition postponed. The defendant agrees in part, respectfully suggesting that the 93A claim should be severed from the underlying claim. However, the defendant states that there is no reason to postpone the deposition of the plaintiff's counsel. A trial on the 93A claim may be heard by the judge immediately following the trial on the underlying claim,

thereby serving the interest of judicial economy. If this course of action is to be taken, then it is necessary that the plaintiff's counsel's deposition be taken prior to the trial of both claims. Furthermore, taking the plaintiff's counsel's deposition will not prejudice her or cause undue hardship. The deposition was not scheduled, contrary to the plaintiff's claims, for the purpose of interfering with the trial. To the contrary, it is necessary to the defense of the 93A claim that the deposition proceed. In the interest of judicial economy, and to prevent prejudice to the defendant, the plaintiff's counsel's deposition should therefore proceed as scheduled, irrespective of whether the 93A and underlying claims are severed.

The defendant states that it must take the plaintiff's counsel's deposition in order to prepare its defense to the 93A claim. Because of the various contested issues of fact relating to the 93A claim, it is imperative that the defendant have an opportunity to cross-examine the plaintiff's counsel prior to trial. Furthermore, the defendant states that plaintiff's counsel knew or should have known that his deposition would be taken in preparation for his testimony at trial. In the Pre-Trial Conference Memorandum, the plaintiff's counsel was listed as a witness to be called by the defendant. It is widely-held that, except in limited cases, an attorney cannot take part in a trial in which he is to be a witness. Kendall v. Atkins, 374 Mass. 320, 323-325, 372 N.E.2d 764, 766-767 (1978); Rules of Prof. Conduct, Rule 3.7 (formerly SJC Rule 3:07; DR 5-101 and 102). The plaintiff's counsel has had notice that he would be called to testify at the trial of the 93A claim; he therefore should have anticipated his deposition would be taken, and he should have recused himself from representing his client at the 93A trial.

The defendant states that the taking of the plaintiff's counsel's deposition will not interfere with any attorney client privilege as the plaintiff alleges in her motion. In the notice of deposition sent to the plaintiff's counsel, the topics to be discussed were listed. (See Exhibit 1,

"Notice of Deposition" and attached "Schedule A").  None of the topics listed in Schedule A are of such a nature that they would require the disclosure of any confidential communications. Rather, the defendant will attempt to ascertain information pertaining to the validity of the 93A claim as evidenced by letters, records, documents and other correspondence exchanged between the plaintiff's counsel and the defendant Arbella.  The privilege protects only those communications from the client made for the purpose of obtaining legal advice.  Purcell v. District Attorney for the Suffolk District, 424 Mass. 109, 115 676 N.E.2d 436, 440 (1997). Communications between an attorney and a third party are not within the attorney client privilege.  Com. v. Noxon, 319 Mass. 495, 543-544, 66 N.E.2d 814, 844 (1946).

    WHEREFORE, for all of the above-stated reasons, the defendant opposes the plaintiff's motion.  The defendant requests that the motion be denied and that the plaintiff's counsel's deposition be directed to proceed as scheduled.

                                          Respectfully submitted,
                                          ARBELLA MUTUAL INSURANCE CO.
                                          By their Attorney,


                                          /s/_____
                                          MARTIN S. COSGROVE
                                          COSGROVE, EISENBERG & KILEY, P.C.
                                          803 HANCOCK ST.
                                          P.O. BOX 189
                                          QUINCY, MA  02170
                                          (617) 479-7770
                                          BBO NO.:  100920

DATED:

CERTIFICATE OF SERVICE

      I hereby certify that I have this day forwarded a copy of the within Defendant Arbella Mutual Insurance Company's Opposition to Plaintiff's Motion for Protective Order, by facsimile and in hand to:

Brian R. Cunha, Esquire
311 Pine Street
Fall River, MA  02720


Ronald Harding, Esq.
Weston, Patrick, Willard & Redding
84 State Street
Boston, MA  02109-2299


DATED:  November 3, 2005                            _____
                                                              MARTIN S. COSGROVE