UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAUREN IBBOTSON, ) | | |
|     Plaintiff ) | | |
| ) | | |
| VS ) | | C.A.NO. 04CV 12371MLW |
| ) | | |
| CINDY HUSTEAD FELDMAN and ) | | |
| PETER FESCOE, ) | | |
|     Defendants ) | | |

**MOTION OF THE DEFENDANTS TO PRECLUDE REFERENCE
TO INTERVIEW WITH ARBELLA**

Defendant moves this Court, *in limine*, for an Order precluding Plaintiff from eliciting testimony from the Defendant concerning a recorded interview he had with Arbella Insurance Company.

Plaintiff argues in her Pretrial Memorandum that the Defendants failure to inform his insurer of a cell phone call that he had moments before the accident is admissible on the issue of defendant's credibility. Even putting aside Defendant's position that the call had nothing to do with the accident, and his deposition testimony that he did not tell Arbella about it because it had nothing to do with the accident, it appears that Plaintiff will attempt to use a hearsay transcription of the conversation not for the purposes of impeachment going to the witnesses credibility (there is no inconsistent statement created by the interview), but rather to improperly suggest that the failure was some evidence of consciousness of guilt.

Reference to the statement or the Defendants interview with Arbella should be precluded as a review of the Statement reflects that the Defendant was not asked whether he was using a cell phone, nor was he asked any question regarding a cell phone. It would thus be improper to allow any inference to be taken or argument to be made concerning the facts that he did not say anything about the cell phone. There is nothing to suggest that had he been asked he would not have told Arbella what he testified to in his deposition concerning the cell phone call he received and terminated prior to the motor vehicle accident.

To allow Plaintiff to use the failure to say something that was not asked against the Defendant would be unfair and prejudicial. Similarly Defendants answer to a question regarding prior accidents, at the end of the interview, should not be the basis for inquiry or argument concerning his credibility. The risk of prejudice, i.e whatever inference the Jury may draw from the fact that Defendant had already had one prior accident versus the probative value of the fact that in the interview he answered that he had no prior accidents when he had one, calls for the exclusion of such inquiry.

Additionally, discussion of the interview with Arbella will bring the issue of liability insurance, generally precluded from introduction into evidence (See Rule 411), before the Jury. The mention of liability insurance in this circumstance will likely lead to speculation by the jury on that issue. Rule 411 precludes the introduction of such

evidence (except in limited circumstances) to avoid potential prejudice to the Defendant. Plaintiff should not be allowed to place that issue before the Jury in these circumstances.

Therefore, Defendants move that such evidence be excluded from this trial.

                                            Defendants,
                                            By their Attorney,

                                            _____
                                            Ronald E. Harding
                                            BBO No. 221340
                                            Weston Patrick Willard & Redding
                                            84 State Street
                                            Boston, MA 02109
                                            617-742-9310