UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAUREN IBBOTSON,　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
VS　　　　　　　　　　　　　　　　　　　　) C.A. NO. 04CV 12371MLW
　　　　　　　　　　　　　　　　　　　　　　)
CINDY HUSTEAD FELDMAN and　　　　　)
PETER FESCOE,　　　　　　　　　　　　　)
　　　　Defendants　　　　　　　　　　　　)

**MOTION OF THE DEFENDANTS TO LIMIT EXPERT TESTIMONY
AND TO PRECLUDE INTRODUCTION OF MEDICAL EVIDENCE**

Now come the defendant's in the above captioned matter and move this Court, *in limine*, for an Order:

1. Precluding Plaintiff from introducing into evidence medical records and documents concerning treatment to the plaintiff first produced to the Defendants on November 10, 2005;

2. Precluding Plaintiff's expert witness Dr. Barry Saperia from testifying to facts and opinions not contained in his report of April 25, 2005 and first disclosed to the Defendants on November 11, 2005; and

3. Limiting the testimony of Plaintiffs expert witness, Dr. Frederick Harrington to the facts concerning his treatment of the Plaintiff up to August 26, 2004 as disclosed in the medical records timely produced to the Defendants, and for an Order precluding Dr. Harrington from testifying as to any opinions he may hold.

Defendants assign as reasons therefore that Plaintiff has failed to comply with the discovery requirements set forth in Federal rules and as a result Rule 37 requires that plaintiff be precluded from the introduction of this evidence.

## FACTS COMMON TO ALL

1. This is a claim for personal injury arising out of a motor vehicle accident that occurred on May 28, 2004.

2. Plaintiff filed her Complaint with this Court on the basis of Diversity of Citizenship in November, 2004.

3. On April 7, 2005 Plaintiff served her disclosures pursuant to Rule 26(a)(1).

4. Defendants served Interrogatories and a Request for Production of Documents upon Plaintiff on April 19, 2005.

5. On May 4, 2005 Plaintiff supplemented her Rule 26(a)(1) disclosures by producing further medical documentation.

6. On May 26, 2004 Plaintiff served her Responses to Defendants Requests for Production of Documents producing additional medical documents.

7. On July 8, 2005 Plaintiff served her Answers to Defendants Interrogatories, including her Answer to Defendants Rule 26 expert interrogatories which stated in Answer number 19: "Plaintiff has hired no expert witnesses at this time".

8. At a later point Plaintiff served a Supplemental Response to Defendants Request for Production (undated) forwarding copies of the Records of Vanderbilt Rehabilitation from August 27, 2004 through August 30, 2004 when the records indicate she was discharged from physical therapy.

9. Prior to the November 3, 2005 Pretrial Conference the parties filed a Joint Pretrial Memorandum with this Court in which Plaintiff listed, without any further disclosure, Frederick Harrington M.D. and Barry Saperia, M.D. as expert witnesses.

10. In the Pretrial Memorandum Defendants identified Edward Tarlov, M.D. as an expert witness. At that time Defendant's were arranging, with the permission of the Court, to have the Plaintiff, a college student in North Carolina, return to Massachusetts for a medical examination which would form the basis of Dr. Tarlov's opinion.

11. The medical examination was originally scheduled by the defendants for October 4, 2005, was then rescheduled by the Plaintiff to October 10, then again rescheduled by the Plaintiff to October 31. Prior to that examination Dr. Tarlov was provided with all of the medical records concerning the treatment of the Plaintiff that had been produced by the Plaintiff.

12. After his examination Dr. Tarlov produced a report, based upon his examination of the plaintiff and review of the medical records, which was delivered to the Plaintiff prior to the Pretrial Conference on November 3, 2005.

13. On November 7, 2005, by agreement of the parties, the videotaped deposition of Dr. Tarlov was conducted for the purpose of presentation to the Jury as a part of the Defendants case in this matter.

14. On November 10, 2005, at 3:40 P.M., Plaintiff faxed to Defendant apx. 40 pages of medical records and reports pertaining to the treatment of the plaintiff between April, 2005 and July, 2005 which had not been previously produced.

15. On Friday November 11, 2005, at 12:18 P.M., Plaintiff faxed to Defendant Plaintiff's unsigned Supplemental Answers to Defendants Interrogatories, containing the first expert disclosure with respect to Dr. Harrington and an expert disclosure for Dr. Superia. Both disclosures significantly expand the facts, substance of testimony and opinions previously disclosed in the treatment records of Dr. Harrington and in the previously produced report of Dr. Saperia.

### DISCLOSURE REQUIREMENTS OF THE FEDERAL RULES

F.R.C.P. 26(a)(1) requires the parties to make automatic disclosure of certain facts and documents. In a personal injury action such as this, Rule 26(a)(1)(B) requires the voluntary production of medical records and documents relating to the treatment of the plaintiff. Local Rule 35.1 specifically requires the production of these documents and records. Rule 26(a)(2) requires disclosure of experts.

In addition to the automatic disclosure requirements, Defendants specifically requested production of the treatment records of the plaintiff pursuant to Rule 34 on April

19, 2005, and Defendants specifically propounded expert interrogatories to the Plaintiff. A party is required by Rule 26(e)(1) to timely supplement their required disclosures and their discovery responses, should their earlier responses or production become incomplete or incorrect.

F.R.C.P. 37(c) specifically provides that a party who has "without substantial justification" failed to disclose information required to be disclosed by Rule 26(a) or Rule 26(e)(1) "is not, unless such failure is harmless, permitted to use as evidence at trial…any information or witness not so disclosed". Case law has applied this Rule to both the production of documents and the disclosure of expert testimony.

## ARGUMENT

The rule requiring that the parties timely supplement their discovery responses and expert disclosures is based upon principals of fundamental fairness to the litigants and has been said to aid in narrowing the issues for trial and was designed to eliminate unfair surprise. The requirement that a party timely supplement their disclosures concerning expert testimony was created to avoid placing upon a party the "burden of responding to unexpected and last-minute changes in its opponent's expert testimony". Sheek v. Asia Badger, Inc., 235 F.3d 687, 693 (1st Cir., 2000). The First Circuit, in Sheek, after noting the admonition in Rule 37(c) that "a party that fails to disclose information under Rule 26(e)(1) 'shall not…be permitted to use as evidence…any witness or information not so disclosed' ", held that where the medical expert presented at trial changed his opinion and was to testify concerning issues not previously disclosed,

the ruling of the district court limiting the testimony by that medical expert to that which was timely disclosed was proper. In fact, the First Circuit noted that the district court could have precluded the expert from testifying at all, and that the ruling allowing him to testify, but not as to the late disclosed opinions, "was relatively lenient". Sheek at 694.

A party's expert disclosure must include a complete statement of all of the opinions to be expressed by the expert and must also contain the basis and the reasons for each of those opinions. Once a party makes an expert disclosure, the disclosure must be kept "current". Macaulay v. Anas, 321 F.3d 45, (1st Cir., 2003). Thus the Macaulay Court held that the district court did not abuse its discretion by precluding plaintiff's medical expert from testifying to new opinions not disclosed until a supplementation made after the deadline for expert disclosures. The duty to supplement found in the Rules is a duty to supplement "seasonably". Ferrara v. Balistreri & DiMaio, Inc., 105 F.R.D. 147 (D.Mass., 1985).

It has oft been stated that the purpose of the Rules requiring supplementation is to avoid "surprise" and "trial by ambush". American Stock Exchange v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y., 2002). The preclusionary sanction contained in Rule 37(c)(1) is "automatic" absent a determination of either "substantial justification" or "harmlessness". Id.

The burden of establishing that there was substantial justification and harmlessness rests with the dilatory party. To establish "substantial justification" as used in the Rule, the dilatory party must establish justification to "a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to

comply with the disclosure request". Id. Failure to comply with the disclosure requirement of the rule is harmless only "when there is no prejudice to the party entitled to the disclosure". Id.

### 1. LATE DISCLOSURE OF MEDICAL RECORDS

Plaintiff did not produce some 40 pages of records relating to the Physical Therapy treatment of the Plaintiff had between April and July 2005 until days before trial, but more importantly until after Dr. Tarlov, Defendants expert, had reviewed medical records, rendered his opinions, and testified for trial in this case. Importantly, Dr. Tarlov's testimony assumed the last visit Plaintiff had with Dr. Harrington was August 26, 2004 (which he commented on in his testimony), and that the plaintiff had Physical Therapy from August 27-30 as recorded in the records produced by the plaintiff before the deposition. Defense counsel was deprived of the opportunity of having Dr. Tarlov comment upon, or render any opinion based upon the contents of the records which were first produced after the deposition.

Additionally in his tardy disclosures on November 11, Plaintiff proposes that his experts be allowed to discuss and comment upon this physical therapy treatment. That would be clearly unfair and prejudicial to the defendants.

## 2. EXPERT DISCLOSURE REGARDING DR. SAPERIA

Plaintiff first identified Dr. Saperia as an expert witness to give testimony in this case in the Pretrial Memorandum. However, in her May 4, 2005 supplementation of records, the April 25, 2005 report of Dr. Saperia was produced. Defendant believed that Dr. Saperia would testify as an expert at trial to the facts and opinions contained within his report. The report was disclosed to Defendants expert and the opinions of Dr. Saperia formed a part of the direct examination of Dr. Tarlov and large part of his cross-examination.

On the Friday afternoon before this trial plaintiff faxed to the Defendants counsel Supplemental Answers to Interrogatories which significantly expand the facts and opinions to which Plaintiff intends to have Dr. Saperia testify. Obviously this results in significant prejudice to the Defendants as Dr. Tarlov has already rendered his opinion and has already testified. The disclosure itself is inadequate, does not respond to the interrogatories propounded, and Defendant has not been provided with any written report containing the opinions of Dr. Saperia along with the factual basis of those opinions.

Further, disclosure on the Friday before trial hardly gives defense counsel a reasonable opportunity to prepare for cross-examination on the new issues first raised in the late disclosure. This is the type of last minute surprise and practice that Rule 37 was designed to prevent. Dr. Saperia should be limited to the content of his April 25 report.

### 3. EXPERT DISCLOSURE OF DR. HARRINGTON

Dr. Harrington was Plaintiffs treating physician. His records, commencing shortly after the accident and ending with Plaintiffs visit of August 26, 2004 had been timely produced for the defendants. In her Pretrial Memorandum Plaintiff lists Dr. Harrington as an expert witness to be called at the time of trial. Once again, as with Dr. Saperia, Plaintiff, on Friday November 11 discloses for the first time that it is expected that in addition to the treatment reflected in his notes, Dr. Harrington will testify significantly beyond his treatment. Once again, this is the type of surprise, ambush and conduct which Rule 37 is designed to prevent. Defendant's expert has already testified and has not had the opportunity to review and comment upon whatever it is that Dr. Harrington might testify to. The disclosure itself is inadequate and does not comply with the interrogatory questions asked. No written report of such opinions has been delivered to counsel. Defense counsel is hardly in the position to be able to adequately prepare for cross-examination based upon the scanty disclosure at this late date. Dr. Harrington should be limited to the facts of his treatment as reflected in his reports through August 26, 2004.

Therefore the Court should allow this Motion *in limine* of Defendants.

Defendants,
By their Attorney,

_____
Ronald E. Harding
BBO No. 221340
Weston Patrick Willard & Redding
84 State Street
Boston, MA 02109
617-742-9310