UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN IBBOTSON | * |
| Plaintiffs | * |
| VS | * C.A. No: 04CV 12371MLW |
| CINDY J. HUSTEAD FELDMAN, PETER FESCOE, AND MICHAEL FESCOE Defendants | * |

PLAINTIFF LAUREN IBBOTSON'S ANSWERS TO DEFENDANTS CINDY J. HUSTEAD FELDMAN AND PETER FESCOE'S INTERROGATORIES

1. Please state your full name, age, residence, business address and occupation.

ANSWER NO. 1:

Lauren Elizabeth Ibbotson, 21 Kay Street Apt # 1A, Newport, RI 02840. Employer: Mill Street Inn, 75 Mill Street, Newport, RI 02740.

2. Kindly state the date and place of the incident alleged in your complaint.

ANSWER NO. 2:

Friday, May 28, 2004, Route 24 North, Taunton, MA.

3. Kindly describe in detail all injuries claimed to have been received by you as a result of the incident alleged in your complaint, including in your answer, the location and nature of all such injuries.

ANSWER NO. 3:

I fractured L4, 6, and 7 resulting in a rod and screws being placed in my spine. Post operatively I developed an infection requiring a second surgery, rehabilitation at Heather Wood; An IV pic line for antibiotics was inserted for five weeks. Today I have a permanent disfiguring scar 20 inches along my spine and permanent disability.

4. If you claim that as a result of the injuries alleged in your complaint that you received injuries that prevented you from following your usual occupation, kindly state:

    (a) What your occupation was at the time of the incident.
    (b) The full name and address of your employer.
    (c) The average weekly earnings, salary or income you received from your work
    (d) The date as nearly as you can remember on which you first resumed the duties of your occupation after the incident alleged in your complaint.
    (e) As nearly as you are able to do so the total earnings from your work received by you during the year preceding the incident alleged in your complaint, and the dates between which you were not working during that period.

ANSWER NO. 4:

    (a) At the time of the accident I was a senior in High School.
    (b) Not Applicable
    (c) Not Applicable
    (d) Not Applicable
    (e) Not Applicable

5. If, as a result of the injuries you received in the incident alleged in your complaint, you consulted a doctor, kindly state:

    (a) The full name and address of each doctor or hospital you consulted.
    (b) The dates, as nearly as you can remember, of the treatments you received from all doctors or hospitals.
    (c) The amount of the charges to date of each doctor or hospital you consulted.
    (d) The nature of the treatment rendered by each doctor or hospital.

ANSWER NO. 5:

| Provider | Date | Amount |
|---|---|---|
| Raynham Fire Department<br>PO BOX 339<br>Raynham Center, MA 02768 | (05/28/04) | $807.00 |
| AMR of Mass. Inc.<br>520 South Main St. - Suite 2422<br>Akron, Oho 44311-1010 | (05/28/04) | $945.00 |
| Alert Ambulance Service, Inc<br>PO BOX 2737<br>Fall River, MA 02722 | (06/13/04) | $1,005.00 |

| | | |
|---|---|---|
| Morton Hospital<br>88 Washingtron Street<br>Taunton, MA 02780 | (05/28/04) | $1,507.74 |
| Rhode Island Hospital<br>593 Eddy Street<br>Providence, RI 02903 | (05/28/04, 05/29/04, 06/13/04) | $116,712.03 |
| Newport Hospital<br>11 Friendship Street<br>Newport, RI 02840 | (06/13/04) | $2,434.00 |
| J. Frederick Harrington<br>Neurosurgery Foundation Inc.<br>235 Plain Street # 305<br>Providence, RI 02905 | (05/29/04, 06/02/04, 06/14/04, 07/08/04) | $24,473.00 |
| Paul DelGuercio, M.D.<br>Valley Primary Care, Inc.<br>294 Valley Road<br>Middletown, RI 02842 | (06/24/04 & 08/27/04) | $150.00 |
| Heatherwood Nursing & Subacute Center<br>398 Bellevue Avenue<br>Newport, RI 02840 | (06/21/04 - 06/24/04) | $2,839.88 |
| University Emergency Medicine Foundation<br>PO BOX 48305<br>Jacksonville, FL 32247 | (05/28/04) | $548.00 |
| Olympic Physical Therapy<br>Aquidneck Avenue<br>Middletown, RI 02842 | (09/10/04 -11/12/04) | $575.00 |
| Vanderbilt Rehabilitation Center<br>20 Powell Avenue<br>Newport, RI 02840 | (Currently Attending) | To supplement |
| Barry Saperia, M.D.<br>72 Washington Street # 2400<br>Taunton, MA 02780 | (04/07/05) | $500.00 |

6. If, in addition to the treatment referred to in the preceding interrogatory, if you have received other medical attention or nursing as a result of the injuries received by you in the incident alleged in your complaint, kindly state full details.

ANSWER NO. 6:

When I as first discharged from Rhode Island Hospital I had a physical therapist and visiting nurse come to my home. After being released from Heatherwood I had a visiting nurse come to my home as well (Beth from Clinical I.B. Network in Pawtucket, RI). I began physical therapy with Olympic Physical Therapy in Middletown, RI. Don was my therapist who worked with me at the YMCA in Newport in the pool twice weekly. After 3 ½ months, I was able to begin therapy on land. At present I am in therapy with Tanja at Vanderbuilt Rehabilitation Center in Newport, RI.

7. If you were confined to bed as a result of the incident alleged in your complaint, kindly state as nearly as you can the dates between which you were so confined.

ANSWER NO. 7:

05/28/04 through 07/15/04.

8. If you were confined to the house as a result of the incident alleged in your complaint, kindly state as nearly as you can the dates between which you were so confined.

ANSWER NO. 8:

06/25/04 through 08/15/04

9. If you have recovered from injuries you sustained as a result of the incident alleged in your complaint, kindly state as nearly as you are able to the approximate date on which you recovered.

ANSWER NO. 9:

I have not recovered, I have a permanent disability and I am still undergoing physical therapy.

10. If you have not recovered from the injuries you sustained as a result of the incident alleged in your complaint, kindly state in detail in what respects you are still suffering from such injuries.

ANSWER NO. 10:

I am still actively treating with physical therapists and have not recovered from my injuries.

11. If your physical condition was affected by any illnesses or injuries prior to the date of the incident, kindly describe such illnesses or injuries in detail.

ANSWER NO.11:

None.

12. If, after the date of the incident alleged in your complaint, your physical condition has been affected by any illness or injuries other than the injuries for which you claim damages in this action, kindly state full details.

ANSWER NO.12:

None.

13. Kindly itemize all expenses which have been incurred as result of the injuries you received in the incident alleged in your complaint.

ANSWER NO. 13:

See answer to Interrogatory number 5.

14. If you have made any other claim or claims for personal injuries against any person or corporation either three years prior to the date of the incident alleged in your complaint, or subsequent to the date of the incident, kindly state full details as to each such claim.

ANSWER NO. 14:

None.

15. Please describe as carefully as possible how the incident alleged in your complaint occurred, stating the events in the order in which they took place.

ANSWER NO. 15:

I was a passenger in a vehicle driven by Peter Fescoe, enroute from Newport Rhode Island to Peter's house in Scituate Massachusetts. Peter and I had been arguing during the ride over forty dollars that had been taken from our apartment. Peter denied taking the money. During the ride Peter was using his cell phone. Our route took us onto Route 24 and we intended to travel from Route 24 to Route 128 and then to Scituate. Just after we entered Taunton, Peter was traveling over the speed limit in the high speed lane and I observed a car entering the highway from the right, who appeared to be merging into our lane in front of us. At that same time Peter's cell phone rang

and Peter looked down at his cell phone. I made a slight gasp as the car merged in front of our car, however, by the time that Peter looked up it was too late as Peter was rapidly closing on the vehicle that had merged in front of our vehicle. Peter lost control of the car and I closed my eyes. I could feel my body being thrown all over the car. I ended up in the back seat of the car. It was not until the ambulance came that I was removed from the car, placed on a stretcher and taken to Morton Hospital.

16. Please state all facts on which you rely as tending to show any negligence on the part of the Defendant.

ANSWER NO. 16:

Peter was speeding and distracted while answering his cell phone and unable to timely respond to the car that had merged into our lane of travel, causing him to lose control of the car.

17. Please state as to each and every person known to you, your agents, servants, employees or attorney(s) to have seen, heard, or known about the alleged incident, the following:

    (a) The name and address of each.
    (b) The location where each such person was at the time he or she saw, heard
    (c) or learned about the alleged incident.
    (d) The substance, as best you can give it, of all the information or knowledge about the alleged incident known to each such person.
    (e) Whether or not each such person gave any statement or account, either or his or her knowledge of the alleged incident and, if so, give the substance of same.

ANSWER NO. 17:

Peter Fescoe, 8 Windward Way, Scituate, Massachusetts.

18. Please state the name, home address, and business address of every person whom you or your attorney intends to call as an expert witness (including medical expert) at the trial of this action.

ANSWER NO. 18:

Plaintiff has hired no expert witness at this time. Plaintiff reserves the right to supplement this interrogatory prior to the trial of this matter.

19. Please state, with respect to each such witness:

    (a) The subject matter on which he is expected to testify;
    (b) The substance of the facts and opinions which he is expected to testify;
    (c) A summary of the grounds for each such opinion.

ANSWER NO. 19:

Plaintiff has hired no expert witness at this time. Plaintiff reserves the right to supplement this interrogatory prior to the trial of this matter.

Signed under the pains and penalties of perjury on this 8th day of July, 2005.

_Lauren Ibbottson_
Lauren Ibbottson

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within Plaintiff's Answers to the Defendants Cindy J. Hustead Feldman's and Peter Fescoe's Interrogatories, upon the interested party, by mailing a copy of same, postage prepaid to: Elizabeth A. Shaw, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109, on this 8th day of July, 2005.

_____
Brian R. Cunha, Esquire



# Saperia Orthopaedics
### and Sports Medicine



Barry S. Saperia, M.D.

April 25, 2005

Law Office Brian Cunha and Associates
311 Pine Street
Fall River, MA 02720

Attention: Brian R. Cunha, Esquire

Regarding: Lauren Ibbotson
Date of Birth: 3/08/86
Date of Injury: 5/28/04
Date of Examination: 4/07/05

Dear Attorney Cunha:

At your request, the following is a narrative report regarding the above-mentioned patient.

Lauren Ibbotson was an eighteen-year-old female who was the unrestrained passenger in the front seat of a motor vehicle that was involved in an accident on 5/28/04. Apparently the driver attempted to avoid a collision and the car struck the guardrail. The patient ended up in the back seat and complained of immediate onset of pain in the thoracic spine region.

The patient was taken to Morton Hospital and Medical Center by ambulance on a backboard. She was evaluated by Dr. James Sullivan and noted to have severe pain the thoracic spine region. The patient denied loss of consciousness or neck pain. X-rays were taken which demonstrated a partial compression fracture of the superior endplate of T4 as well a complete compression fracture T6. Cervical spine x-rays were negative. The chest x-ray was also clear. Since the patient resided in Newport, Rhode Island, the decision was made to transfer her to a tertiary care facility and Rhode Island Hospital was selected.

The patient was admitted to Rhode Island Hospital under the care of Dr. J. Frederick Harrington. She was noted to have 5/5 power in her lower extremities and had normal sensation to propioception and temperature. Deep tendon reflexes were also normal with normal rectal tone. She then underwent a CT scan, which demonstrated a T6 burst fracture with minimal retropulsion. She also had T4 to T7 compression fractures without neural canal compromise.

Re: Lauren Ibbotson
Page Two

There was slight lateral displacement of the T spine and transverse process fractures were noted at T5, T6 and T7.

On 6/02/04 the patient underwent T3 to T8 posterior thoracic fusion and segmental spinal instrumentation performed by Dr. Harrington.

The patient was discharged to home on 6/08/04 in stable condition.

On 6/13/04 the patient presented to Newport Hospital Emergency Room complaining of chest pain. She was noted to have a pneumothorax and wound infection. She was transferred back to Rhode Island Hospital and it was noted that one of the pedicle screws was in contact with the pleura and causing an effusion. Cultures grew Staph aureus and the patient was placed on intravenous antibiotics. She was also taken back to the operating room by Dr. Harrington on 6/14/04 and underwent right T5 and T7 pedicle screw removal. Apparently the pneumothorax and wound infection cleared uneventfully.

On 6/21/04 the patient was transferred to Heatherwood Nursing and Subacute Center for rehab. She progressed nicely and was apparently discharged on 6/24/04. She continued her outpatient rehab at Olympic Physical Therapy in Middletown, Rhode Island.

The patient presented to my office on 4/07/05 for evaluation. The physical examination revealed a well-healed midline back incision measuring 20 cm in length and 1 cm in width. There was no evidence of cellulitis. There is moderate tenderness over the incision. The patient stands erect and is well balanced. Ranges of motion of the cervical and lumbar spinal segments are normal. In the thoracic region, the patient has 0 degrees of flexion, 0 degrees of extension, 0 degrees of right rotation and 0 degrees of left rotation. No pelvic deformity is noted. Ranges of motion of the hips are full. Straight leg raise testing is negative bilaterally, although the patient does experience slight thoracic spine pain. The neurologic examination reveals normal motor, 5/5 power, normal sensation and 2+ and symmetrical deep tendon reflexes. X-rays were not taken today and only CT scan evaluations are present, which demonstrate satisfactory alignment of the thoracic spine segment after fusion.

I have had the opportunity to review all provided medical records from Morton Hospital and Medical Center, Neurosurgery Foundation, Inc., Newport Hospital, Heatherwood Nursing and Subacute Center, Olympic Physical Therapy and Valley Primary Care, Inc.

Re: Lauren Ibbotson
Page Three

**ASSESSMENT/DIAGNOSES:**
1. T4 through T7 compression fractures.
2. T6 burst fracture with minimal retropulsion.
3. T5, T6, T7 transverse process fractures.

It is my opinion, based on a reasonably degree of medical certainty, that the aforementioned diagnoses are the direct and proximate result of the motor vehicle accident, which occurred on 5/28/04

Based on the fourth edition of the American Medical Associates Guides to the Evaluation of Permanent Impairment, the percent impairment of the whole person based on the fractures present is 8 percent. The percent impairment of the whole person based on loss of flexion, extension, and rotation is 10 percent. Based on the combined values chart, the total percent impairment of the whole person is 17 percent.

Should any further information be necessary, please do not hesitate to contact me in writing.

Signed and sworn to under the pains and penalties of perjury.

Sincerely,

Barry S. Saperia, M.D.
BSS/jjs

☑ 001



BRIAN R. CUNHA, ESQ.**
NELIA CAMARA DeSTEFANO, ESQ.**
RICHARD T. GALLONE, ESQ.**
HONEY POLNER, ESQ., R.N.
KAREN A. ALEGRIA, ESQ.**
MONICA MAINA, ESQ.
AMY VALENTE, ESQ.

PAULA S. VIEIRA, ADMINISTRATOR

**MEMBER MA & RI BAR

LAW OFFICES
& ASSOCIATES

311 PINE STREET
FALL RIVER, MASSACHUSETTS 02720
(508) 675-9500

FAX: (508) 679-6360

WEBSITE: www.briancunha.com

# FAX COVER SHEET

DATE: November 11, 2005

TOTAL NUMBER OF PAGES: 5 (INCLUDING THIS PAGE)

TO: Ronald E. Harding, Esquire

FAX NO: (617) 742-5734

FROM: Brian R. Cunha, Esquire   FAX NO: (508)679-6360

   If you did not receive all of the pages indicated, please call us as soon as possible.

RE:   Lauren Ibbotson v. Cindy J. Hustead Feldman, Peter Fescoe and Arbella Mutual Insurance Co. U.S. District Court C.A. No.: 04CV12371MLW

   As discussed please find Plaintiff's Supplemental Response to Defendant's Interrogatories.

   Thank you for your cooperation and assistance in this matter.

   Very truly yours,
   Brain R. Cunha, Esquire

### CONFIDENTIALITY NOTICE

The documents accompanying this Fax transmission contain information from the Law Offices of Brian Cunha & Associates which is confidential or privileged. It is intended for the individual or firm named on this transmission sheet. If you are NOT the intended recipient, be aware that any disclosure, copying or distribution of the contents of this FAX is PROHIBITED. If you have received this fax in error, please notify this office immediately by telephone so that we may retrieve the original documents at no cost to you.

TOLL FREE
1-800-322-8300

NEW BEDFORD, MA
(508) 991-2100

E. PROVIDENCE, RI
(401) 434-6300

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN IBBOTSON | * |
| | * |
| Plaintiffs | * |
| | * |
| VS | * C.A. No: 04CV 12371MLW |
| | * |
| CINDY J. HUSTEAD FELDMAN, | * |
| PETER FESCOE, AND MICHAEL FESCOE | * |
| Defendants | * |
| | * |

**PLAINTIFF LAUREN IBBOTSON'S SUPPLEMENTAL ANSWERS
TO DEFENDANTS CINDY J. HUSTEAD FELDMAN AND
PETER FESCOE'S INTERROGATORIES**

18. Please state the name, home address, and business address of every person whom you or your attorney intends to call as an expert witness (including medical expert) at the trial of this action.

ANSWER NO. 18:

Dr. Barry Saperia
SAPERIA ORTHOPEDICS
72 Washington Street # 2400
Taunton, MA 02780

Frederick Harrington, M.D.
Neurosurgery Foundation
235 Plain Street Suite, 305
Providence, RI 02905

19. Please state, with respect to each such witness:

(a) The subject matter on which he is expected to testify;
(b) The substance of the facts and opinions which he is expected to testify;

(c) A summary of the grounds for each such opinion.

1

ANSWER NO. 19:

### Barry Saperia, M.D.

It is anticipated that Dr. Barry Saperia will testify in this case in accordance with his report updated April 25, 2005, which has previously been forwarded to the Defendant.

In the addition to the opinion expressed by the court it its anticipated that Dr. Saperia will also testify with regard to the long term functional outcome, quality of life and what she can expect in the long run after this surgery. It is also anticipated that he will testify that Lauren's abnormal posture, is caused by the injury and permanent.

Since the accident, it is anticipated that he will testify that Lauren has undergone a course of treatment and physical therapy which has resulted in some improvement. However, her loss of function and injury have not returned to her normal pre-accident state as such her quality of life has diminished in that she continues to experience pain with any physical activity lasting longer then 45 minutes. She can no longer return to running, athletics, or any strenuous activity involving twisting, bending or lifting. It is anticipated that this will be permanent.

It is anticipated that he will testify that although fusion was a good treatment for the injury that she sustained it does not return the spine to normal. The normal thoracic spine has some degree of motion between the vertebrae. Fusion surgery eliminates the ability to move between the fused vertebrae, which puts added strain on the vertebrae above and below the fusion. It does place more stress on the vertebrae next to the fusion. The additional stress on the vertebrae has the potential to accelerate degeneration of those disc segments, resulting in pain and discomfort.

As a result it is likely Lauren will experience premature arthritis due to the increased risk of degeneration and arthritis resulting in further premature functional limitations with regard to all repetitive strenuous activities that involve lifting and twisting maneuvers in order to minimize stress around the fusion and attendant pain and discomfort.

Dr. Saperia will also testify that there is a risk of hardware failure and segmental instability, necessitating further surgery in a certain percentage of cases after spinal fusion.

### Frederick Harrington, M.D.

It is anticipated that Dr. Harrington will testify in this case in accordance with his notes, operative report as well as the medical records that were previously supplied to the Defendant.

In the addition to the opinion expressed by the court it its anticipated that Dr. Harrington will also testify with regard to the long term functional outcome, quality of life and what she can

2

expect in the long run after this surgery. It is also anticipated that he may testify that Lauren's abnormal posture, is caused by the injury and permanent.

Since the accident, it is anticipated that he will testify that Lauren has undergone a course of treatment and physical therapy which has resulted in some improvement. However, her loss of function and injury have not returned to her normal pre-accident state as such her quality of life has diminished in that she continues to experience pain. She can no longer return to running, athletics, or any strenuous activity involving twisting, bending or lifting. It is anticipated that this will be permanent.

It is anticipated that he will testify that although fusion was a good treatment for the injury that she sustained it does not return the spine to normal. The normal thoracic spine has some degree of motion between the vertebrae. Fusion surgery eliminates the ability to move between the fused vertebrae, which puts added strain on the vertebrae above and below the fusion. It does place more stress on the vertebrae next to the fusion. The additional stress on the vertebrae has the potential to accelerate degeneration of those disc segments, resulting in pain and discomfort.

As a result it is likely Lauren will experience premature arthritis due to the increased risk of degeneration and arthritis resulting in further premature functional limitations with regard to all repetitive strenuous activities that involve lifting and twisting maneuvers in order to minimize stress around the fusion and attendant pain and discomfort.

Dr. Harrington will also testify that there is a risk of hardware failure and segmental instability, necessitating further surgery in a certain percentage of cases after spinal fusion.

Signed under the pains and penalties of perjury on this       day of       , 2005.


_____
Lauren Ibbottson

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within Plaintiff's Supplemental Answers to the Defendants Cindy J. Hustead Feldman's and Peter Fescoe's Interrogatories, upon the interested party, by sending via facsimile to 617) 742-5734 and mailing a copy of same, postage prepaid to:

Ronald E. Harding, Esquire
WESTON, PATRICK, WILLARD & REDDING
84 State Street
Boston, MA 02109

on this 11th day of November, 2005.

_____
Brian R. Cunha, Esquire

4