UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN IBBOTSON,<br>    Plaintiff<br><br>VS<br><br>CINDY HUSTEAD FELDMAN and<br>PETER FESCOE,<br>    Defendants | )<br>)<br>)<br>)    C.A. NO. 04CV 12371MLW<br>)<br>)<br>)<br>) |

## DEFENDANTS OBJECTIONS RE
## DEPOSITION OF EDWARD TARLOV, M.D.

**P 27 L 20-P30 L4**    The entire cross-examination on this issue was improper and should be stricken. Counsel misrepresented and misstates facts in an effort to suggest that the witness only testifies for Defendants. Plaintiffs counsel states, in the form of a leading question, that the defendant is listed in the American Association of Neurological Surgeons (AANS) database as his being available for testimony for defendants only. Defendant has no idea where plaintiff obtained those facts, as there is no such database that counsel or the witness is aware of. Plaintiff appears to have (wrongfully) combined listings from two separate websites in an effort to create an impression he knows to be incorrect. (See Deposition Exhibit 1 annexed hereto).

These questions were not only improper in the context of the fact that there is no evidence in this case to support the factual assertions made (that the expert witness hired by Defendants testifies only for Defendants), but the questions and the use of the two websites together (there is a link which from the Legal Transcript Library which would allow transcripts of neurosurgeon testimony to be obtained through the AANS) appears to

be an attempt to create the impression that facts which Plaintiff knows to be untrue are true (See Mass Rules of Professional Conduct 3.4 (e)).

There is no evidence, nor could there be, that the National Association of Neurological Surgeons has a database for which Dr. Tarlov "registered" as being available for expert testimony for defendants only, as Plaintiffs numerous questions suggest. In fact, Exhibit One, which Plaintiff presents as one document to suggest it comes from the same source, consists of documents which appear to come from two DIFFERENT websites, neither of which contains the database to which counsels wrongful questions refer.

As indicated, the first database is the database of the American Association of Neurological Surgeons, which, according to the same website accessed by the Plaintiffs counsel, is a national association of some 6,500 neurosurgeons and allied health professionals. The second group of documents does not even come from that website. The web address found on pages attached as a part of Exhibit 1, is from a website entitled "Legal Transcript Library, Inc." which calls itself "A legal research tool for medical defense attorneys" and which "contains thousands of transcripts of medical expert testimony" which are available for a fee. The pages attached to the AANS pages by the Plaintiff as a part of Exhibit 1 appear to be a listing from Legal Transcript Library, Inc. of transcripts (not experts, nor experts who testify for defendants only) available through that website or through the AANS (See Exhibit 2 attached hereto).

The Legal transcript Library, Inc. states on the website that it was formed as a cooperative effort between the New York State Medical Defense Bar Association, some

insurance carriers and some New York law firms. Nowhere does it say that the physicians for whom transcripts exist "registered", "listed" or otherwise placed their transcripts with that organization. Moreover, nowhere does it suggest that the available transcripts are for physicians who are "available for expert testimony for defendants only", in fact it suggests the opposite, that it tries to "provide the most comprehensive database of transcripts available anywhere".

Based on this conduct the Court should consider striking the entire cross-examination of Dr. Tarlov, and at a minimum strike this portion of the testimony.

**P31 L6-P33 L1**     The fact that a (hearsay) listing indicates that the witness had one malpractice claim asserted against him during all of his years of practice that was settled for some unknown amount, is not relevant, not material and cannot be used for the purpose of impeaching the credibility of the witness.

**P51 L16-P52 L6** Counsel is testifying concerning the use of the AMA guidelines in Workers Compensation matters. How they are used in workers compensation matters, even with the proper foundation, would not be relevant in this case before this court.

**P52 L12-17** Counsel marks as an Exhibit the AMA Guides. Not only are they out of date (see p. 54), but they do not come in as an exhibit. Rule 803(13)

**P54** The entire line of questioning concerning the AMA guidelines should be stricken

(P 51 L 10- P61 L5) as the Plaintiff was inquiring about the content of the 1999 version, which was later replaced by a newer version (see p.54). Dr. Tarlov should not be required to provide answers to questions based upon a version of the guidelines that were

not even in effect on the date when he examined the plaintiff, wrote his report or when Plaintiffs own expert, Dr. Saperia, who relies upon (a later version) of the guidelines, examined the plaintiff.

**P61 L6** Plaintiff improperly seeks to introduce book (Rule 803(18))

**P82 L11-P84 L17** Abstract only of a study published from secondary website used to cross examine. Lacks foundation. Actual study not used, nor has it been established that it would qualify under Rule 803(18). Should not be an exhibit.

**P84L18-P85L17** Abstract only of a study from secondary website used to cross examine. Lacks foundation. Actual study not used, nor has it been established that it would qualify under Rule 803(18). Should not be an exhibit.

**P102L17-P104L12** Plaintiff has not established a foundation. Rule 803(18). The portions of the documents used are not relevant.

Defendants,
By their Attorney,

_____
Ronald E. Harding
BBO No. 221340
Weston Patrick Willard & Redding
84 State Street
Boston, MA 02109
617-742-9310